IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JERRY L. BROWN,

  Plaintiff,

v.             CIVIL ACTION NO.: CV614-007

EMANUEL PROBATION DETENTION
CENTER; WASHINGTON COUNTY
REGIONAL MEDICAL CENTER;
DR. RAWLS; and DR. TAYLOR,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Madison Correctional Institution in Madison, Florida, filed a cause of action pursuant to 42 U.S.C. § 1983 based on events which allegedly occurred while he was housed at the Emanuel Probation Detention Center in Twin City, Georgia. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he complained about having a hernia, and "they" ignored his complaints of pain. (Doc. No. 1, p. 5). Plaintiff also contends that he was admitted to Sandersville Regional Medical Center in Sandersville, Georgia, after his release, though he cannot provide a specific date. Plaintiff asserts that Drs. Rawls and Taylor knew that a wound was left open "for medical reasons[,]" yet he never received follow-up treatment. (<u>Id.</u>). Plaintiff also asserts that he has been diagnosed with a mesh infection and his wound has not healed properly, even after five (5) years' time. Plaintiff admits he did not utilize the grievance procedure at Emanuel Probation Detention Center because he believes his complaints would have been ignored.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under

2

42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff cannot sustain a claim against the Emanuel Probation Detention Center or the Sandersville Regional Medical Center, as these named Defendants are buildings and not persons within the meaning of § 1983. Neither can be held liable for any actions or inactions in support of a section 1983 claim. Plaintiff's claims against Defendants Emanuel Probation Detention Center and Sandersville Regional Medical Center should be **dismissed**.

In addition, it appears that Plaintiff wishes to hold Defendants Rawls and Taylor liable based on a theory of negligence. An allegation that a defendant acted with negligence in causing a plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Accordingly, Plaintiff's claims against Defendants Rawls and Taylor should be **dismissed**.

Plaintiff's claims should also be dismissed because he admits that he did not utilize the grievance procedure at the Emanuel Probation Detention Center. (Doc. No. 1, pp. 4–5). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States

Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter v. Nussle, 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524; Booth v. Churner, 532 U.S. 731, 732 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id. Given Plaintiff's admission that he did not access the grievance procedure, his Complaint should be **dismissed** for this reason, as well.

Moreover, constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Based on Plaintiff's assertions, it appears that the events giving rise to Plaintiff's Complaint occurred more than five (5) years ago. Plaintiff's Complaint should be **dismissed** as being barred by the applicable statute of limitations.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 21st day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)